FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 01 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMES BENJAMIN BARSTAD,

Plaintiff - Appellant,

v.

DEPARTMENT OF CORRECTIONS
STATE OF WASHINGTON; et al.,

Defendants - Appellees.

No. 13-35338

D.C. No. 2:12-cv-01023-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted June 22, 2015[**]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Washington state prisoner James Benjamin Barstad appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging First

Amendment and the Religious Land Use and Institutionalized Persons Act

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("RLUIPA") claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment on Barstad's free exercise claim because Barstad failed to raise a genuine dispute of material fact as to whether defendants' religious diet policy was not reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (a prison regulation that "impinges on inmates' constitutional rights" is valid "if it is reasonably related to legitimate penological interests"); *Resnick v. Adams*, 348 F.3d 763, 768-71 (9th Cir. 2003) (applying four-part *Turner* test to prisoner's free exercise challenge to prison policy requiring prisoner to submit an application to receive kosher meals and granting summary judgment because policy was reasonably related to the prison's interest in the orderly administration of its religious diet program).

The district court properly granted summary judgment on Barstad's Establishment Clause claim because Barstad failed to raise a genuine dispute of material fact as to whether defendants' religious diet policy had the primary or principal effect of advancing religion. *See Inouye v. Kemne*, 504 F.3d 705, 712 n.7 (9th Cir. 2007) (setting forth test for Establishment Clause violation).

The district court properly granted summary judgment on Barstad's

RLUIPA claim because Barstad failed to raise a genuine dispute of material fact as to whether defendants' religious diet policy substantially burdened the exercise of his religious belief. *See Greene v. Solano Cnty. Jail*, 513 F.3d 982, 988 (9th Cir. 2008) (under RLUIPA, the prisoner bears the initial burden of showing that the prison's policy imposes a "substantial burden" on his religious exercise; only then will the burden shift to the prison to demonstrate that the policy furthers a "compelling governmental interest" by the "least restrictive means" (citation and internal quotation marks omitted)); *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004) (under RLUIPA, a "substantial burden" exists if it imposes "a significantly great restriction or onus" on a religious exercise).

We do not consider documents or arguments that were not presented to the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam) (declining to consider arguments not raised below); *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal."). Nor do we consider issues or arguments not specifically and distinctly raised and argued in the opening brief. *See Padgett*, 587 F.3d at 985 n.2.

**AFFIRMED.**